MH

1

2    WO

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Lamont A. Thompson,                    No.    CV-25-02138-PHX-JAT (ESW)

10                        Plaintiff,

11    v.                                     **ORDER**

12    I. Carrizoza, et al.,

13                        Defendants.

14

15            On June 18, 2025, pro se Plaintiff Lamont A. Thompson, who is confined in the

16    Arizona State Prison Complex-Lewis, filed a Motion for Leave to File Excess

17    Pages (Doc. 1) and Application to Proceed In Forma Pauperis (Doc. 3) and lodged a civil

18    rights Complaint pursuant to 42 U.S.C. § 1983 (lodged at Doc. 2).  On August 4, 2025,

19    Plaintiff paid the filing and administrative fees.  The Court will deny the Application to

20    Proceed as moot, grant the Motion for Leave to File Excess Pages, direct the Clerk of Court

21    to file the lodged Complaint, order Defendants Vargas, Bowers, and Barreras to answer

22    Count Two of the Complaint, and dismiss the remaining claims and Defendants without

23    prejudice.

24    **I.    Motion for Leave to File Excess Pages**

25            In his Motion, Plaintiff requests permission to file an overlong, 24-page Complaint.

26    Plaintiff cites the complexity of the issues giving rise to his claims and the fact that he had

27    to handwrite his pleading.  The Court, in its discretion, will grant the Motion and direct the

28    Clerk of Court to file the Complaint lodged at Document 2.

**TERMPSREF**

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

### III.    Complaint

In his two-count Complaint, Plaintiff asserts that his Fourteenth Amendment due process rights and his Eighth Amendment right to be free from excessive fines were violated when he was found to have committed a disciplinary violation and subjected to a $500.00 restitution fee, among other sanctions.  Plaintiff names as Defendants Corrections Officer (CO) II I. Carrizoza, Sergeant S. Vargas, CO III Swaine, CO IV M. Vargas, Deputy Warden E. Aquirre, and Appeals Administrators J. Bowers and J. Barreras.  Plaintiff is seeking injunctive and declaratory relief, along with money damages.

Both counts are based on the following allegations:

On June 13, 2024, Defendant Carrizoza drafted a disciplinary report alleging that Plaintiff had been found in possession of a communication device, in violation of Arizona Department of Corrections, Rehabilitation & Reentry (ADC) Department Order (DO) 803 Rule 16A.  Carrizoza stated in his report that he "visually witnessed [Plaintiff] attempt to conceal an unknown item between the bed and the wall of  [cell] 6DIIL," "discovered (1) Black . . . cellphone and (1) prison made cell phone charger located on the floor between the bed and wall," placed Plaintiff "on report" at approximately 6:08 p.m., and drafted a report at approximately 7:30 p.m.  (Doc. 2 at 9.)

Plaintiff claims that his bunk "had at least four other double bunks in front of it" and was "not visible upon entering the run, until directly upon it." (*Id.* at 9-10.)  Plaintiff also notes that while Defendant Carrizoza claimed to have drafted the disciplinary report at approximately 7:30 p.m., the report was signed by the reviewing sergeant, Defendant S. Vargas, at 7:31 p.m.—a mere one minute later.  Plaintiff questions whether S. Vargas could " really' review the disciplinary report in one minute." (*Id.* at 10.)  Defendant S. Vargas then referred the report to Defendant Swaine, who charged Plaintiff with possession of a communication device.

Defendant Swaine served Plaintiff with the disciplinary ticket on June 18, 2024.  Plaintiff completed three witness statement forms, requesting testimony from Defendants Carrizoza, S. Vargas, and Aquirre.  Plaintiff turned the forms in within the two-day time

frame and submitted a written statement "arguing that . . . [Defendant] Carrizoza wrote a false report as evidenced by 'Axis camera footage.'" (*Id.* at 11.)

Plaintiff's disciplinary hearing took place on July 11, 2024. No witness questions were answered or used and neither Plaintiff's statement nor any camera footage was presented. At the conclusion of the hearing, Defendant M. Vargas found Plaintiff guilty of the charged violation. M. Vargas claimed to have relied upon the disciplinary report, investigative reports, and the "information report." (*Id.*) Defendant M. Vargas sanctioned Plaintiff with a loss of 365 days' worth of earned release credits, a 30-day loss of privileges, 90 days of Parole Class III status, and a $500.00 restitution fee. Defendant Aquirre approved the findings on July 13, 2024.

On July 17, 2024, Plaintiff filed a first-level appeal based on the "manufactured false reporting," the failure to gather witness responses, the failure to read and apply Plaintiff's statements, and the failure to gather and introduce the Axis camera footage. (*Id.* at 12.) On August 6, 2024, Defendant Bowers upheld the disciplinary finding on grounds that there were no due process violations, the adequacy of proof was sufficient, and the penalties were within established guidelines. On August 12, 2024, Plaintiff filed a second-level appeal in which he reargued the issues in his first-level appeal and "challeng[ed] the erroneous findings by [Defendant] Bowers." (*Id.*) On September 13, 2024, Defendant Barreras upheld Defendant Bowers's finding. Plaintiff has not received a copy of Barreras's response.

Plaintiff asserts a due process claim in **Count One**, alleging that Defendant Carrizoza's disciplinary report was "'fabricated' and 'replete' with 'false' claims" and that Defendant Swaine refused to obtain camera footage or disclose witness statements, "process[ed] unsubstantiated charges without adequate evident[ia]ry support," and acted in an "arbitrar[]y," "haphazard," and "random" manner. (*Id.* at 13.) Plaintiff also claims that Defendant S. Vargas "'knowingly' approved" Carrizoza's false disciplinary report and Defendant M. Vargas deprived Plaintiff of his right to an impartial factfinder by refusing to credit Plaintiff's written statement or review witness forms, investigative reports,

information reports, and video footage that Defendant Aquirre "admitted . . . was dispositive of [t]he charges against [Plaintiff]." (*Id.* at 14-15.) Defendant Bowers allegedly "rubber-stamped" Defendant M. Vargas's findings and denied Plaintiff's appeal without any evidence to support her decision, and Defendant Barreras purportedly upheld Bowers's decision. (*Id.* at 15.)

In **Count Two**, Plaintiff asserts an Eighth Amendment claim against Defendants M. Vargas, Bowers, and Barreras, alleging that the $500.00 fee he was assessed violated ADC policy because he did not cause any damage. According to Plaintiff, ADC policy only permits the assessment of "'costs' for 'damages' to 'property', 'theft', and 'any other cost related to a disciplinary violation'" and requires the amount of restitution to be "calculated to cover any 'loss' by any person." (*Id.* at 20.) Plaintiff further alleges that DO 803 was revised on May 25, 2025, and that the "'restitution' of 'fines' for alleged . . . possession of a communication device . . . has been removed." (*Id.*) According to Plaintiff, the ADC lacks statutory authority to assess a "punitive monetary fine," as opposed to a restitution charge that reflects a damage or cost incurred by ADC, and the failure to hold a hearing to determine his economic situation resulted in imposition of an excessive fine. (*Id.*)

**IV.    Discussion**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

. . . .

. . . .

### A.    Count One

 "[A] state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983." *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002).  In addition, if a judgment for Plaintiff regarding the denial of due process in a prison disciplinary proceeding would invalidate or imply the invalidity of the deprivation of good-time credits, the claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), unless Plaintiff can show that disciplinary conviction has been previously invalidated.  *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Heck*, 512 U.S. at 486-87; *Nonnette*, 316 F.3d at 875.  *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Plaintiff's allegations that Defendants variously filed a false disciplinary report, processed unsubstantiated charges, knowingly approved the false disciplinary report, deprived Plaintiff of his right to an impartial factfinder, and wrongfully denied Plaintiff's appeals all imply the invalidity of Plaintiff's disciplinary conviction.  Thus, Plaintiff cannot raise these claims unless he also shows that the conviction was reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.  Plaintiff does not allege that it was.[1]  Accordingly, Plaintiff has failed to state a due process claim in Count One and this Count will be dismissed pursuant to *Heck*.

### B.    Count Two

Liberally construed, Plaintiff has stated an Eighth Amendment Excessive Fines Clause claim against Defendants M. Vargas, Bowers, and Barreras in Count Three, and these Defendants will be required to respond to this portion of the Complaint.

---

[1] ADC records reflect that Plaintiff was found guilty of having possessed a communication device on July 18, 2024, and that this finding was upheld.  *See* https://corrections.az.gov/inmate-data-search (search by "ADC Number" for "127943") [https://perma.cc/8T48-XVYM].

**V.      Warnings**

      **A.      Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

      **B.      Copies**

Because Plaintiff is currently confined in an ADC Complex or Private Facility subject to General Order 23-19, Plaintiff can comply with Federal Rule of Civil Procedure 5(d) by including, with every document Plaintiff files, a certificate of service stating that this case is subject to General Order 23-19 and indicating the date the document was delivered to prison officials for filing with the Court.  Plaintiff is not required serve Defendants with copies of every document or provide an additional copy of every document for the Court's use.

**If** Plaintiff is transferred to a facility other than one subject to General Order 23-19, Plaintiff will be required to: (a) serve Defendants, or counsel if an appearance has been entered, a copy of every document Plaintiff files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court.  *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

      **C.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      Plaintiff's Application to Proceed In Forma Pauperis (Doc. 3) is **denied** as moot.

(2)     Plaintiff's Motion for Leave to File Excess Pages (Doc. 1) is **granted**.  The Clerk of Court must **file** the Complaint (lodged at Doc. 2).

(3)     Count One is **dismissed** without prejudice.

(4)     Defendants Carrizoza, S. Vargas, Swaine, and E. Aquirre are **dismissed** without prejudice.

(5)     If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be filed on the court-approved form and retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(6)     Defendants M. Vargas, Bowers, and Barreras must answer Count Two.

(7)     The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants M. Vargas, Bowers, and Barreras.

(8)     Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(10)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

. . . .

---

[2] If a Defendant is an ADC officer or employee, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the ADC's Central Office unless the officer or employee works there.

TERMPSREF

(11)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.

(12)    A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(13)    The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

> (a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

> (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(14)    Defendants M. Vargas, Bowers, and Barreras must answer the relevant portion of the Complaint or otherwise respond by appropriate motion within the time

provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(15)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(16)    This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 29th day of September, 2025.

James A. Teilborg
Senior United States District Judge

TERMPSREF